Irsi/ey, O'.
On the 10th May, 1856, a notarial act of mortgage, on a plantation in. the parish of Concordia, from A. T. Welsh to S. B. Newman, to secure the payment of a note for seventeen thousand five hundred dollars, and interest, was recorded in that parish.
This mortgage was not reinscribed, until the Vlih September, 1867. On that day, Mrs. Shaw, who also had a special mortgage on the same plantation, duly registered, but originally inferior in rank to the Newman mortgage, applied to the Recorder of Mortgages of Concordia, to have the Newman mortgage cancelled and erased for want of reinscription.
The plaintiffs in this proceeding, Britton and Koontz, the holders of the Newman note, obtained an injunction to inhibit the cancelling and erasing the mortgage given to secure it.
The injunction was dissolved in the lower court, and the plaintiffs in injunction have appealed.
The grounds urged by them in this court, to sustain their injunction and have it perpetuated,- are:
1. The inscription of mortgages is subject to the same law and maxims, applicable to prescription, and that prescription was suspended during the war.
*509 2. That the recital in Mrs. Shaw’s act of mortgage, of the Newman mortgage, was legal notice to her of the inscription thereof, and was equivalent to a reinscription.
3. That the pact de non, alienando, in the Newman mortgage, precluded the subsequent mortgage creditor, Mrs. Shaw, from setting up prescription against it.
This Court, in Robinson & Cruzat v. Haynes, 19 A., p. 133, held: “ that an inscription ceases to be evidence of the mortgage after the lapse of ten years, and is not subject to the rules of prescription.” Adoctrine we still adhere to.
The plaintiffs cannot, in this case, invoke the maxim lex'neminem . abgil ad impossibilia, as they had ample time and opportunity, within the .ten years after the first inscription, to reinscribe their mortgage. ' ■:
The vitality of the first inscription, after the ten years succeeding.it, was gone, and thence it had no legal effect whatever — even against the contracting parties. C. C. 3333, 6 Rob. 171, 421, 423. 2 A. 110, 111, 768. 4 A. 396. 5 A. 632. And it became the absolute duty of the recorder, upon the application of any creditor, and even of the owner himself, or other party interested, to cancel and erase the plaintiffs’ mortgage, registered in his office ten years previous to the date of the application. R. S., page 81.
The other grounds are not properly raised in this proceeding.
It is therefore ordered, adjudged and decreed that the judgment of the District Court be affirmed, at the costs of the appellant.